Case number 23-7073 et al. Deanery Jeffrey B. Clark, Jeffrey B. Clark, a member of the Bar of the District of Columbia Court of Appeals, Bar Registration Number 455315, Appellant, v. D.C. Office of Disciplinary Counsel. Mr. McDougald for the appellant, Mr. Metzler for the appellee. Good morning, I'm Harry McDougald for the appellant Jeffrey Clark. May it please the court. The primary issue in this case is whether bar discipline cases are removable to federal court under the federal officer removal statute. And we submit that the answer to that question is in fact, yes, if the requirements of the statute are met, which they are, which is that Mr. Clark was a federal officer and he asserts federal defenses, therefore he's entitled to the federal form. The case arises from a confidential, internal, deliberative draft of a letter that in the final analysis was never sent and never left the office. The case arose in response to a complaint letter from a single Democrat Senator, Senator Richard Durbin. The main arguments about whether the case is removable are, are bar cases a category that is or is not removable? Does the McDade Act, which is 28 U.S.C. 530B and the regulations under that change the analysis in any way? And then third, should the court follow the 11th Circuit's decision in Georgia v. Meadows? Bar cases should be removable in order to uphold purposes of the federal officer removal statute, which are to vindicate and protect federal supremacy and give federal officers a federal Article III form to adjudicate their federal defenses to protect them from local passion and prejudice. There has been one case, an appellate case, a federal appellate case, Colabash in Fourth Wilkinson wrote the opinion and he held that, or the court held, that bar cases were removable and that the issue of the hybrid nature of a bar proceeding should not matter, that the court should not get hung up on matters of form and should focus on whether a state judicial process is asserting power over a federal official. What do you do with McDade? Okay. That's, to me, that's your toughest issue. You have Judge Wilkinson, you have at least colorable arguments on any proceeding, but McDade says DOJ lawyers are subject to rules, state rules governing lawyers to the same extent and in the same manner as private lawyers. So we have several points in response to McDade, but the first one is that McDade is a statute that supplies the rule of decision. It does not specify the form. It says nothing about the form in which the case is heard. In the same manner? That language is a protection against singling out federal attorneys, which is the primary concern of the federal officer removal statute, which is to protect federal officers from local passion and prejudice. And that problem was precisely anticipated in the Colopash case. Rules governing lawyers, if you just had that phrase, one might read it to be focused on the primary conduct of the lawyers and to the same extent is consistent with that, but in the same manner seems to extend that phrase to the adjudicatory process. I respectfully disagree with the premise of the question, Your Honor, and I would cite to you as an example the preamble to the regulations that were adopted under 530B as printed in the Federal Register, and it says Section 530B directs department attorneys to comply with rules of ethical conduct but is silent on enforcement mechanisms. For this reason, Section 530B does not change the enforcement authority of the Department of Justice's Office of Professional Responsibility, state authorities, or federal courts. And so the question, the dominant question, predominant question under the Federal Officer Removal Statute is whether a state judicial process is asserting enforcement authority over a federal officer. And in the Willingham case, Willingham versus Morgan, the court said that the scope of what's a removable action should be at least as broad as immunity. And we have asserted a number of immunity defenses arising from federal supremacy and his status as a federal officer. Suppose the case were removed, what process would apply in U.S. District Court? Would the District Court summon a hearing committee somehow or appoint its own hearing committee? Would it ask the, I'm sorry, hearing committee and you have the board, and you have all these administrative actors who are under the D.C. Court of Appeals, and there's no apparent mechanism to replicate that in federal court. So how does the federal court, how would the federal court proceed? In federal court, it would follow the federal rules of procedure. Now, because it's a quasi-criminal case. Jury trial or bench trial? I haven't thought that far ahead to be perfectly keen with you, Your Honor. I mean, but I guess the... But it's a procedural question. The substantive law would be the D.C. bar rules. The procedural rules would be the rules of procedure in federal court. Point is, there's going to be a lot more variance than just the decision maker at the end of the process is a U.S. District Judge rather than the D.C. Court of Appeals judges. It's going to be starkly different, which just makes it a little hard to say that the removing lawyer is being subject to the state bar rules in the same manner as a private lawyer would be. I don't know if this is the specific answer to the procedural question that you're posing, but the rules of the federal district court in D.C. have an entire disciplinary process with a review panel of judges and a committee of lawyers to hear cases. Now, we haven't litigated how that would apply to a removed bar case, but in the Kolobash case, there was an argument, there was a tension between the state's interest in enforcing its laws and the federal interest in protecting supremacy. It was pitched as a federalism fight, and that was resolved by holding that the federal interest in supremacy was paramount. In addition to this issue that Judge Katz has raised about the anomaly of proceeding being in the same manner where it would actually have to be in a different manner, do you have any information what happened in Kolobash after, as a sort of example of how this might work? We do, but it's not in the record. And it's not available in a public court record? We have obtained those records, and we could file those in, but we- No, I think you could just tell us. I just am trying to get an idea of how that goes. I think the case went away. I think the case went away. It was a politically charged case from West Virginia, at the time a primarily Democrat state, against a U.S. attorney in a Republican administration. And needless to say, this case has political overtones as well. So are you treating the subpoena and the disciplinary hearing as separate matters? Or in your view, do they rise and fall together? In other words, if there's no removal of the disciplinary proceeding, are you still seeking removal somehow separately of subpoena enforcement? So that's actually a good question. We filed the initial removal with respect to the first subpoena that was served in August and with respect to the charges. And the statute says that subpoenas are removable and can bring the rest of the case with it if there is a basis for federal jurisdiction, which there certainly is in this case. Now, to be clear, the subpoenas were held unenforceable by the D.C. Court of Appeals back in late February. I'm sorry to interrupt you. Just to get clear, you said the subpoenas are enforceable and can bring the rest of the case with them. So again, I'm trying to understand, if we thought, no, the rest of the case doesn't go, then do you have an interest as your client, have an interest in any kind of separate removal of the subpoena process itself? Well, if there is removal jurisdiction as to the subpoena or any other part of the case, then any action taken by the local forum is void because they didn't have jurisdiction. The case should have been in federal court. So the odd thing is that you've won in state court. So it seems to me that what you would get if we took an action that rendered the Court of Appeals decision void is a chance to lose in federal court, and I'm not sure that's the kind of interest that keeps the case alive in an Article III sense. Point taken, Your Honor. Every time you walk in the door, you have a chance of losing. But let me give you an example of one reason why we would rather be in federal court. The law in federal practice is that jurisdictional questions are decided first before an evidentiary hearing. We asserted that in the bar process. And the bar process says, well, we don't make jurisdictional rulings before evidentiary hearings. We have evidentiary hearings, and then we decide legal questions. But under Ruorgas and Steel Company, we're entitled to jurisdictional rulings before we're put to the troubling expense of an evidentiary hearing. We lost that right because we were not in a federal court. What jurisdictional ruling are you thinking about? We say we have several. One, we don't believe that the Office of Disciplinary Counsel has a jurisdiction to regulate confidential and privileged discussions between the president and his senior legal advisors at the apex of the Justice Department when no action is taken as a result of that. That is an interference with the supremacy of the Article II executive branch. But it wouldn't be the ODC. So you're seeking to go to federal courts if the federal court would first hear that, but the federal court doesn't have the jurisdictional defect that the D.C. Bar Discipline process, that you're asserting against the D.C. Bar Discipline process. So the sequence would go away in federal court, but you'd be in federal court. We'd be in federal court, and we would be entitled to a decision on our jurisdictional defenses, which go beyond the one I've identified before the evidentiary hearing. The jurisdictional defense that you mentioned is one that relates to the jurisdiction of the D.C. Disciplinary procedure, which is why I'm confused. You have jurisdictional defenses that go to the jurisdiction of the federal court. Can the substantive rule of decision, can a Bar Discipline case be made against a federal attorney over a draft confidential document that never leaves the office? If the answer to that is yes, then confidential draft documents prepared in your offices that are never published would likewise be subject to discipline by the Office of Disciplinary Counsel. It's not the merits issue. Yes, it is. But it's a jurisdictional question because there are federal immunities that derive from the constitutional order and the federal supremacy clause and the separation of powers. Federal immunity is not jurisdictional. Pardon? I'm not sure that I'm tracking you. I apologize. Counselor, can we just, please go ahead. My answer would be immunity defenses are couched as subject matter jurisdiction in many, many cases. There's also official sovereign immunity or qualified immunity. Those are subject matter jurisdictional for purposes of the rule that they have to be considered first. Okay. I mean, they're special in some ways, like interlocutory appeal purposes, but they can be waived. Then we have an argument that 530B does not grant disciplinary authority to the District of Columbia because the statute says states, it doesn't say Columbia. I'm just puzzling over the subpoena piece because we are only separately addressing the removability of the subpoena enforcement action if you've lost on the main part of your case. We disagree with you that the whole thing is removable. And then we're just talking about the little piece of it in which your friend sought subpoenas from the D.C. Court of Appeals. And as far as I can tell, one of those proceedings is over because you won and the other subpoena was never enforced. What's left in the subpoena part of the controversy? Well, hypothetically, we rule against you on the main removal argument. So we litigated the subpoenas. We asserted the jurisdictional and immunity defenses to the subpoenas. Now, the decision on enforcement of the subpoena went off on a different ground. When it was decided, it was based on Fifth Amendment privilege. But we also asserted that the ODC did not have authority to intrude into the inner sanctums of the Oval Office and the apex of the Justice Department to discipline lawyers over confidential internal deliberations about disputed legal and factual questions. Subpoena proceeding in the D.C.C.A. has zero likelihood of causing that intrusion because the D.C.C.A. has refused to enforce. But that's post hoc. The analysis is undertaken at the time of the subpoena. And if we prevail on removability, that decision is taken away. And then the question of whether the subpoena unlawfully or unconstitutionally intrudes on the operations of the executive branch or the federal government under the Supremacy Clause is a front and center question. So I think we're still, your answers are still a little bit opaque. If, let's say there were a federal statute that said federal officials that are subject to bar discipline must be disciplined according to the process that goes from hearing committee to the board to the D.C.C.A. Let's say it was completely clear. We are bound by that. But there's a subpoena that is sought to be enforced in D.C.C.A. And you challenge that and say, no, under federal officer removal, the enforcement proceeding should go to federal court. If that's the posture, is there an interest on the part of your client in taking this, I think we're talking about the October subpoena to federal court, or if it were the case, and I realize that is not your position, but if it were the case, that there's no chance that it could carry the core disciplinary proceeding to federal court, would you be asserting that that subpoena should go to federal court? So first, I apologize for being opaque in my answers. Secondly, if I understand the question correctly, the premise is that there would have been an explicit federal statute that excludes bar cases explicitly from removability. And in that situation, we would not have recourse to remove the subpoena because the subpoena would be, I think, you know, unless there's the statute talks about ancillary. But 1445, 281445, is a list of actions that are specifically not removable. Our proceedings are not on there. They were not added to that list by 530B. You're going into a separate argument, but I think another way of putting my hypothetical, a different way of putting it is, assume that we hear and will reach your argument that there's a relationship between the subpoena and the bar proceeding, such that we will address whether the subpoena being removable necessarily carries with it the bar proceeding. If you're satisfied that we will get that right on the merits in your view, do you separately have a claim? And I take you to be saying not really. Your claim doesn't have an interest in separating the two so that the subpoena might be adjudicated in federal court if, for whatever reason, it is correct that the bar proceeds. If bar cases are specifically excluded from removability, and we're just talking about the removability of a subpoena that's from the first party to the second party, we would be in a much tougher spot. I don't know how that would come out. You might, at that point, have a challenge to the constitutionality of the exclusion of bar cases from removability because it weakens protection of federal supremacy. That's the point. And could you bring a federal case, mandamus, on that federal ground to try to stop the bar proceeding? I think your first step would be to try to remove it, and that would be the statutory remedy. And if you sought an injunction, the answer would be you've got an adequate remedy at law under the removal statute. So, back on the question about, you said that it would be, if we were just talking about removability of a subpoena, that would be, I think you said a harder case? Yes, ma'am. But I think there are issues we would need to reach on that point if we were to treat them separately. And I'm just trying to understand, actually, what you are putting before us. Okay. So, in our notices of removal, so we had a first notice of removal as to the October subpoena and the charges. After we filed that, they served, or attempted to serve a second subpoena. And we're like, we don't think you should do that. We think you're barred from doing that. But since you've done it, we're going to remove the second subpoena. And that was repeated with the third subpoena until finally the DCCA said this case stayed pending resolution of the removal proceedings. So, we had to come back and back and back because we were getting pounded with these subpoenas. Now, it depends on what the subpoena asks for. If the subpoena asks for information that intrudes on constitutionally privileged deliberations at the apex of the Justice Department, it should be quashed on constitutional grounds. And among those constitutional grounds... Counsel, sorry. I just want to break this down because there's two separate subpoenas, right? One is the one served in December, which my understanding is your client voluntarily complied with without filing a motion to quash or anything else. And I need to correct you on that. We objected to that subpoena. In what fashion? In a lengthy set of letters that we wrote back to disciplinary counsel. Then there was a motion to enforce that subpoena that was litigated up to the... That's filed as an original jury... That's the October subpoena. The litigation over the first subpoena was resolved in September of 22. That was followed by a second subpoena. And the basis of the resolution by the DCCA of that first subpoena was that it was mooted by the filing of the charges because it was an investigative stage subpoena. I think we were talking about only... You're right, there are three subpoenas. Right. But the first subpoena is not subject to the briefing in the case. So when we say first, I think we mean when you're referring to it as second. I apologize. The first was in August, the second is in October, and the third is in December, correct? Okay, we'll call it the second... I don't have the sequence, the dates exactly. I apologize. My understanding based on the briefing and the records of the third subpoena, the last notice of removal, is one that before the district court ruled on the removal issue, you complied with. Is that correct? We partially complied with the third subpoena. Okay. And so is it fair to say, what is the live dispute over that subpoena? Isn't it? Well, it depends on whether you are looking at it from the point as if the rulings were never made in the DCCA. If the federal court accepts removal jurisdiction, things go away and then all those issues are live. But as we sit here today, if there is no removal jurisdiction, if we're out of federal court, there are no more live subpoena issues. The subpoena that results in the DCCA opinion. I just want to, if that's all this case is about, in the district DC Court of Appeals, essentially what happened is there is a court judgment saying that subpoena cannot be enforced against your client, right? Correct. And so the other side files a notice and says, we've lost, we think this is moot. Right. I just want to understand directly, just as to that subpoena, why is it moot? If the only outcome in federal court, the best possible outcome on the subpoena is, subpoena is not enforced. You've already got that result. So it goes to the question of whether the federal court should have taken jurisdiction of this case. And if removal jurisdiction is proper, then as a matter of law, all proceedings subsequent to the removal in this local forum are void because they were issued without jurisdiction. I totally understand. And maybe, you know, if you were right on all of your arguments, you shouldn't have even been subjected to litigating the subpoena in the way, but that's happened. We cannot make that reality change. Article three court. Why is it now the factual relief to give you the chance to re-litigate the very same issues in federal court? We have been injured by being deprived of our right to a federal forum because notwithstanding our federal defenses, which include jurisdictional defenses, which should have been decided before the evidentiary hearing, we've had to go through an evidentiary hearing. We have had a preliminary findings. But just on the subpoena, I totally understand the hearing is extremely live. The subpoena. Okay, okay. I think I understand. So let me get at that a different way. So you have opposed the ODC's suggestion that the challenge to the subpoena enforcement is moot, notwithstanding that your client has prevailed on that. But if there were a ruling favorable to your client reversing the district court's remand order on the whole case, on the disciplinary proceeding, that would invalidate the record compiled by the hearing committee. So you would have to start over again. And Mr. Clark might be exposed to additional subpoenas. Those would be issued under the auspices of the federal court. Correct. But that wouldn't overcome the mootness of the challenge to the October subpoena. It would confirm it. Because that subpoena, you're not getting or enforcing a subpoena issued under the auspices of the disciplinary proceeding and sought to be enforced in the DCCA. It would have to be an entirely new subpoena. So I'm not sure if you lose the effort to remove the underlying disciplinary proceeding. I'm not sure if you want to go into federal court on the subpoena alone. If you win, I mean, because you've already won that. And if you win, it goes away in a more profound sense. And so either way, I'm not sure what the continuing interest is in that subpoena. So I go back to the Willing case. The purpose of removal is to vindicate federal supremacy. And the scope of what's a removable action is at least broad enough to cover any immunity defenses that the federal officer has, because that's necessary to protect federal supremacy from local enforcement encroachment. And the way we see this case is that it is a wrongful, politically motivated persecution of conduct that is not a cognizable bar violation, because the draft letter was never sent. And that's a real Pandora's box. If the bar can go into that box and start disciplining lawyers. I'm sorry, but I don't see how that's at all responsive to the question that I asked, what is the client's continuing interest? Either if the whole thing gets removed, or if only the subpoena would be getting removed, given that the subpoena as a separate matter has been resolved in DC in your client's favor. And if it's packaged together with the disciplinary proceeding, and the whole package gets removed, the subpoena is a nullity anyway. So if we're in, I'll try to do a better job answering the question. If the subpoena is the only thing that's removable, then we may change our mind about it. But right now, we think the whole case is removable. If the whole case is removable, we want it removed. Do you have any interest that you can identify today when you say we may change our mind? I think that's what I'm really trying to get you to take a position on is, can you identify any interest today in removal if the only prospect is to remove it separately? And we absolutely hear your arguments that that is not the way to look at the case. As a practical matter, it would be pretty slim. But the removal statute, it's not just for the benefit of the officer, it's for the benefit of the federal government. I mean, think about it. And you'll have a moment on rebuttal, so maybe you could address it then. But I would reflect on whether, if the court were to rule on, in this or other cases, that you're in, you know, one quashal, and if you're stuck in the DC bar proceeding, are you going to want to say to your client, actually, we gave away that quashal, and we're going to deal with the subpoena separately in federal court, but that's the only thing we want. So I don't have to answer that now, but I just... It would be a little bit awkward to have a subpoena enforced after the evidentiary hearing had been completed and briefed and... And to have the victory that you had given away in an effort... Right. To be in federal effort on something that... Hopefully, the entire case will be removed. Right, exactly. Another variation on this theme. You have one set of arguments for removing the whole matter, and that's your primary position. Correct. We get that. We'll deal with that. We'll deal with that. You have a much narrower fallback argument that the subpoena proceedings are removable, under the Clarification Act. Correct. Okay. But that act says, if the ancillary subpoena proceeding is removable solely by virtue of the Clarification Act, only that proceeding may be removed to the district court. So, your fallback argument gives you a second shot at removing the subpoena proceedings, but you can't use that to take up the rest of the case. It also says, unless there is no other basis for removal. Which just gets us back to your primary argument about the case. Correct. And so, we say there is a basis for removal, which is that there... Okay, but then what is the fallback argument adding then? Pardon? What is the fallback argument adding? If you just... Well, we're... The only way to get the rest of the case removed is not through some sort of pendant theory, like the subpoena action comes in, so the rest of the case, therefore, comes in. You get the subpoena proceeding here, you're still back to your first QP on whether the whole case comes in. We're taking the statute as we find it, and the statute is to be liberally construed and not hung up on matters of form. And the 2011 amendments essentially codified the Brandon Williamson versus Williams case on this circuit, and also adopted the reasoning of Colobash and similar cases that dealt with so-called hybrid proceedings being removable. I have a question about a separate requirement for the full hearing itself. One of the requirements, as you know, is that it be a covered proceeding, a proceeding in which a judicial order is sought. And your argument on that is essentially, at the end of the day, they're going to look for an order of disbarment. Correct. And as I understand it, the argument on the other side is that essentially a disciplinary proceeding occurs in two phases. And we're in phase one, essentially where the board is making its recommendations, and that's subject to DCCA review and all of that. Then there's a second phase where they have to actually go to the court and seek the order of disbarment. And so what they would say is that first phase is not seeking a judicial order yet. And I just want to know what your response is to that. So I don't think we can split hairs about the nature of the proceeding in order to take it out of the removal statute. It's the statutory definition is any proceeding which a judicial order is sought, and they cannot get what they want, which is disbarment, without a judicial order. Except before you even get to the definition, the 1442A refers to a civil action or criminal prosecution commenced in state court. So this has not been commenced in state court. There's no state court action in DC whatsoever. Right. So again, it's any proceeding. Commenced in state court. Right. But the language should not be read narrowly or grudgingly. It should be construed as broadly as the scope of the federal officer's duty. But we can't read out commenced in state court. But you can read it in light of the definition. The definition is of civil action, but the civil action is modified in the substantive provision of 1442A as a civil action commenced in state court. So the definition is going to a subpart, but it doesn't initiate the commenced in state court express requirement of 1442A. Almost the exact same issue was presented in Colabash, where the bar took the position, well, we're not a court. We're an administrative proceeding. And Judge Wilkinson went through that and said it's close enough for the removal statute because it's an adversary process with a compulsory process, cross-examination, evidentiary rulings, and ultimately legal rulings at a higher level and then ultimately for sanction of judicial order. And so the Brandon Williamson case and Colabash and Willingham and so on, along with the clarifying formalisms. And the focus has to be on whether the state judicial process is acting upon a federal officer with federal defenses. That's it. Very much. May it please the court. Jack Metzler for the Office of Disciplinary Counsel. I think the simplest way to understand why this case does not belong in federal court is to focus on what is ultimately at stake in a disciplinary proceeding. And that is Mr. Clark's license to practice law in the District of Columbia. The Congress gave the D.C. Court of Appeals the exclusive authority to grant that license. And it gave the D.C. Court of Appeals the exclusive authority to discipline attorneys that are members of its bar or to expel them. And it didn't give that authority to the federal courts. Now, that is the same relationship that federal courts have with state courts all over the country. Federal courts don't tell state courts who they are allowed to license, and they don't tell them whether or not to discipline their attorneys. And there's a good reason for that. As the D.C. Circuit put it, the license to practice law in the District of Columbia is a continuing proclamation by the Court of Appeals that the holder is fit to be entrusted with legal matters and to assist in the administration of justice as an officer of the court. The question here is whether the D.C. Court of Appeals should continue to make that proclamation on behalf of Mr. Clark. And the District Court can't answer the question for the D.C. Court of Appeals. So it's no surprise then that the removal statutes themselves don't cover disciplinary matters. And that's true even with regard to federal officers. My friend talked about the purpose of federal officer removal. It's not actually to protect the officer. It's to protect state interests from impeding the operation of the federal government. And we know that disciplinary proceedings don't impede the federal government because Congress told us so in the McData Amendment. It said, we want our attorneys to be subject to the same rules to the same extent and in the same manner, as the panelists pointed out. In the same manner is pretty important. That means Congress wanted federal attorneys to be subject to the same procedures as other attorneys. And in this case, that means the hearing committee procedure that is going forth right now. McDade covers state rules governing attorneys and emphasis on attorneys, right? Not on courts or adjudicators. And there's a pretty basic distinction in the law between substance and procedure, primary conduct and secondary conduct. Why can't you read that phrase to mean that government lawyers are subject to all of the same substantive law that governs private attorneys and to the same extent and in the same manner is just a couplet, a phrase saying exactly the same with respect to that substantive law. Well, I take your question to be is why don't we treat part of the statute as surplusage? And the answer to that is it's a question, right? We don't treat part of the can against surpluses. It may be surplusage. It may be a couple of phrasal synonyms. Well, I mean, I think the place to look where the jurisdiction comes from to discipline the discipline of attorneys in D.C. is the D.C. Courts Organization Act. And in there, Congress said directly what it wants to happen to attorneys in the District of Columbia. They should be subject to discipline bias. Just stick with McDade for a second. Sure. But the answer to the question is Congress has already spoken there. And so even if you thought that manner doesn't mandate that, you know, the words in the same manner don't mandate that the exact procedures be used, Congress has already spoken to that. And it's said attorneys in D.C. are subject to the disciplinary authority of the Court of Appeals. But your position is that McDade and the words in the same manner override the removal statute, even assuming the removal statute would otherwise apply. So if we held, I'm not sure that it would be surplusage if we rejected that broad argument, right? The default in every case is going to be even assuming that extent means substance and manner means procedure, that the same substance and procedures are followed. But then there's still another statute specifically to federal officer removal. And if they elect to remove, they can remove. So I'm sure I have the essence of the question. Here's another way of asking. OK. If there is, you're essentially saying there is a conflict between McDade and the federal officer removal statute, right? And the normal way we would resolve that is to ask which one is more specific. And one view would be that the question of when a federal official gets to remove a case to federal court is specifically addressed by the officer removal statute. And McDade certainly speaks to our disciplinary procedures. But it doesn't, there's no real indication it had anything in mind about removal or not. So I don't think our position is that there's any conflicts between the two. We think they are completely aligned in that the removal statutes themselves don't cover disciplinary matters. But that's the whole point of your McDade argument, right? You have to assume that he could otherwise remove the case. And then you would be saying McDade nevertheless comes in and trumps the removal statute. Otherwise, we can just forget about the McDade statute and talk about the removal statute. Sure. So I guess I would say my answer would be that if you're following directions and you And that's what I think the question is, if you ignore all the reasons why we win on the statutes itself, then you go to, I don't think we're not relying on McDade by itself. We think that in McDade, what Congress told you is how it wants federal attorneys to be subject to discipline. And it also told you that in the DC Courts Organization Act, where it gave directly the jurisdictions of court of appeals. And it's not like in 1970, when that was passed, Congress is under any illusion that there might be federal attorneys in DC and barred by the DC Court of Appeals. So Congress knew that when it gave that authority to the DC Court of Appeals, that included federal attorneys. So that's specific. And then it confirmed when there was a question from when the executive branch said, well, look, the ethical rules are posing an impediment to the operation of the federal government in this sphere. Congress came in and said, no, they're not. We are aligned with the use of state authority to discipline government attorneys. Now, as to the... Could I just ask a specific question about the whole subpoena issue? Sure. Do you intend to seek cert from the DCCA opinion? No, we don't. And just one correction. I know my friends have said that everything would be undone if, because if you were to reverse on the subpoena question, that would mean there was no jurisdiction in the Court of Appeals to resolve that. And that is just not true. There was a remand order here. And what the removal statutes say is when there's a remand and you send a certified letter to the court, then the state court can proceed. And the state court did proceed here and to determine that issue. So on the question of mootness, the second subpoena, as he'll call it, the second removal, there's nothing left to decide there. On the October one, is there something left to decide? No, Your Honor. Why is that? I mean, the information was never turned over, but because the DC Court of Appeals has ruled? Right. So the DC Court of Appeals, regardless of how you might rule on that question, DC Court of Appeals had jurisdiction to decide it because there was a remand and it decided it. If we were to hold under the statute that a subpoena can itself be a civil action, and even if it would only be removable under the officer removal statute to the extent that it relies on that, I'm sorry, I'm not being very clear, but let's say we said that under the statute, the subpoena enforcement was itself removable, a removable action. Therefore, it had to go to federal court. Would you be still seeking to enforce that subpoena, or I guess it would require reissuing it? Right. So our position is that we have no cognizable interest in, the other side has an interest in resolving that. We don't want any more documents. We've got all that we're going to get. We don't want any more. What's happened on the ground? The hearing has already happened, correct? That's correct. Are you satisfied with the factual record that you've developed there? Yes. So do you intend to issue any other subpoenas? No. So we have one subpoena that's been, for which the DC Court of Appeals has refused enforcement. You've committed to not seeking cert. The other one you never tried to enforce and you're representing here that you won't try to enforce it. Right. With regards to the last subpoena, I think the answer is what we asked for was included in the documents that Mr. Clark produced. And so we aren't seeking any more documents in that case either. Now, as to the rule statutes themselves, they don't cover disciplinary actions. And that's no surprise given how the Congress has said that the licensing of DC attorneys should be handled. And that's true even for federal officers, because the purpose is to protect the operation of the federal government. And as I said before, Congress has already told us how it wants that conflict, if there is one. That's certainly a purpose that's recognized in the cases. And another purpose that's recognized in all the Supreme Court cases is to ensure federal official acts are judged in federal court and that federal immunity defenses are resolved in federal court. And that purpose would be more consistent with a reading that this statute allows. I'm getting to the current versus former official argument. That latter, the immunity purpose, would certainly support the reading that it encompasses former officials, wouldn't it? I'm not necessarily dispositive, of course. I mean, there are certainly arguments on both sides. The Georgia versus Meadows decision was a, you know, it's not a departure. It was at least a new idea in the case law. And so I think we would stand on our arguments in the brief with regard to that. We agree with the decision. Do you think the other grounds are clearer for why this isn't removable, the hearing itself? Yes, I think actually well stated by the concurrence in that case, in which they said, look, the statute says what it says. We think it's possible that state officials could go after former officials, but that's not what the officer removal has been, statute says. And it's not something that the court can change on our own. Now, of course, that's not the only impediment to removal in the statutes that Mr. Clark has. We've talked, I think, a little bit about whether it's civil action or criminal prosecution. It's not. It's not a subpoena removal. Let's talk about civil action for a second. This proceeding, it's very formal. There are adverse parties. There are due process rights at stake. It looks like if this were in an Article III court, it would be a classic case or controversy. So it's an administrative enforcement action. And if you have a federal agency that is allowed to go to federal court to enforce some federal law, that's a civil action. So why wouldn't this be a civil action? Well, I think the difference is, in fact, the case law would show you that there are several cases out there where state administrative actions are not removable for exactly this reason. And before the act was amended, tribal court. Actions before a state agency as opposed to a court. Right. This proceeding by law is vested in the D.C. Court of Appeals, which is exactly what you would think. It's the highest court of the District of Columbia. Sure. But with respect to the licensing of attorneys, it is more like an agency. Well, I mean, you know, the statute, the scheme distinguishes between licensing on the front end, admission, censure, suspension and expulsion. And it's not surprising admission can be done totally administratively. No rules governing it. If I get admitted to the D.C. Bar, there's no individualized adjudication. Well, you do have to move your admission and the court has to grant that motion. But that is very informal in a way that seems administrative. The process for censure, suspension and expulsion is very rigorous and very trial-like and leads to a decision that just looks like a judicial order. You look at INRI Artis, which you all discuss. It's a published opinion by the D.C. Court of Appeals. It's in the Atlantic Second. It looks like a judicial order. Sure. And, well, of course, it is a judicial order. But I think my answer is Congress used these words and they have a meaning. Civil action, if you look at Rule 1 of the Federal Rules of Civil Procedure, is two adverse parties with interest in a controversy. We could not say- I don't think we're adverse to Mr. Clark. Certainly are adverse. But the Office of Disciplinary Counsel is a creature of the Court of Appeals. We can't sue in Superior Court or in the Federal District Court for an order of disbarment. We have cases that stand for the proposition when Congress divides the executive branch in two and there's a dispute between, I don't know, the Tennessee Valley Authority and the Department of Transportation or whatever. That's a case- that can be a case for controversy. So the fact that you all are constituted within the D.C. Court of Appeals doesn't preclude a structure in which you're the enforcer, Mr. Clark is the target, and the court is the adjudicator. And that just looks like an enforcement action in a court. Sure. Well, even if you disagree with us about whether this is a civil action, there are, I think, four other obstacles in the statute that Mr. Clark will need to cross, every single one of them. I don't think he gets any of them. One is whether he's a federal officer, in that he was not currently a federal officer when this was brought against him. Second, he is stopped from claiming that the acts were in furtherance of his official- under the color of his official title. And again, I'll stand on my argument except for one thing, which is- You said four. So no longer a federal officer, stopped by the Georgia proceedings. Two more? Two more would be that this was not commenced in a state court, as defined by the statute. And finally, the notice of removal was not timely. But- In terms of commencing the state court, there's this anomaly in the statute, I guess, definition section 1442D6. The state court includes the D.C. Superior Court, but not the D.C. Court of Appeals. And I guess the most sense I can make out of that is that the D.C. Superior Court is where cases ordinarily commence. Yes. It seems odd that if we rely on that only, that you could have a bar discipline structure just like D.C.'s in another state where it could be treated as a civil action commencing in state court because there's no similar limitation to state trial courts elsewhere. That's correct. Very odd. It would be odd, but that's the way Congress set it up. When in the D.C. Courts Reorganization Act, they decided to make, to say, well, D.C. is a state and Superior Court is a state court. I don't know why they didn't include the Court of Appeals. I think it's probably because they didn't think something like this would be an issue, and for 50 years it hasn't been. But nevertheless, that's the language that Congress passed. And the state court includes Superior Court. Sure. And a bunch of other tribunals which are front of mind because they're typically the first instance tribunals, right? Sure. Well, actually, no, because it's not quite so specific. It says a court of- Yeah, fair enough. Possessions in Indian Country. And before that, and there are cases where removal has been denied from a tribal court because it was not defined in the statute. And I take it that Congress was responding to that when it said no tribal court is going to be included. And for now, the language just says the Superior Court. But I'll go back to my third reason, I think, because I just wanted to make one point on the estoppel. In the reply brief, Mr. Clark says that the estoppel doesn't apply, collateral estoppel doesn't apply to the Georgia ruling that acts from out in the scope of his official office because that case is still on appeal. And I just want to point out that the law in this circuit and in every circuit is that a ruling that is final enough to be appealed is also final enough for the application of collateral estoppel. This case is not any more brief, but one case from this court is Southern Pacific Communications versus AT&T, which is 740-82nd-1110. So otherwise, we stand out from that. And then the last reason is that the removal here was not timely, in that the specification of charges was served on Mr. Clark in July of 2022, and he found notice of removal more than 30 days later. It was in October of 2022. And your best argument, in your view, the best route for you? To win, overall. You have a lot of arguments. It would just be helpful to have a sense of your prioritization. So I think, like, I'll go back to where I started, which is that the easiest way to understand this is to realize that the district court simply doesn't have any authority to tell the D.C. Court of Appeals what to do with its own lawyers as a matter of, and it was correct to find that it can't and it shouldn't try and make that decision about whether Mr. Clark should be licensed to practice law in D.C. As far as the statutory route, I think— Well, for example, civil action. You know, you make a lot of arguments. This isn't a civil action. It's not the kind of civil action, and, you know, Judge Cass has pressed you on that. But it's a little difficult. Under the definitions in 1442-D-1, the term civil action includes any proceeding to the extent that it is a civil proceeding. And in this proceeding, subpoenas were sought and issued. So it seems like it is defined thereby as a civil action. Well, I think the two parts of that that you need to focus on would be to the extent that it's first. Right. But so it is a civil proceeding to the extent that in that proceeding. So it isn't otherwise. And it doesn't say limited to like a proceeding issuing or enforcing a subpoena is a civil action. It says that the proceeding then becomes a civil action to the extent that there's a subpoena in it. I would disagree with you on that, but I think the resolution to that disagreement is the very next sentence when it says only that proceeding. That is the one that's described before. Is the proceeding in which the subpoena is sought. So I think if you read it that way. It's only that proceeding, not only that order or subpoena. It's only the proceeding in which, which seems like it's the container for the. So I think the way to understand the language that Congress was using there is it was and criminal prosecution. Right. So that's sort of an overall case. And, and when it said proceeding, Congress was thinking about, you know, some part like the enforcement of a subpoena and, and, you know, also pass along with the, in the same in the same act, they, they amended 1446 and added subsection G, which tells you about the time period to remove. I want to follow up on that. So in the clarification act, they were talking about make rendering a civil action. That some, or including within the definition of civil action, sort of prior the lead up pre filing discovery. Right. So what they're addressing specifically is procedures in some states where you could seek a deposition without actually filing. Right. Other than that. Why isn't this analogous to the extent that the hearing procedure and the passing on it by the board is sort of, it's in a way it's maybe more deluxe, but it's in a way like pre filing discovery. I'm not sure I see that as being very close, but it's, it's different in a way that the, what I would look to if you were to say, well, it's any, any, anything where you might eventually, ultimately wind up with a court order. Or that's structured to end up in a court. It's structured to tee something up for a court. You know, if that's the interpretation, then, then, then they certainly use a lot of extra words and language to do that a lot more than they really would have needed. And you can see what they had in mind. It's in the, it's in the conference report in the, in that act. And either they had in mind this idea of hauling a federal officer into court. And, and if you read it and sort of think, well, would this also apply to former federal officers? I think you'd come to the conclusion. No, they're worried about, and this is actually the same reasoning that this court used in the Brown and Williamson case, where what the, what the court hinged this decision on is an officer deciding as his, you know, in his federal office, I'm not going to comply with the subpoena, right? Because I have a federal reason not to do so. Not because I once was a federal officer, because my job right now, that act of refusing that's, that's what the subpoena is getting to. That was what could be sanctioned if you were subject to contempt, for example. So the, so the subpoena or the, the removal clarification argument had that in mind, and that's just not what's going on in a disciplinary proceeding. That's a matter between really the courts and the licensing court and the attorney. There's just a technical question. When you went to court for the motion to enforce the subpoena, was that docketed as a new separate proceeding in the D.C. Court of Appeals, or was there already a... Answer to that is, I'm not sure. Then separately, I just want to understand the argument on untimeliness. Sure. Seems quite straightforward. 90 days greater than 30. One of the things they say in response is that because of the investigative subpoena, the July charges weren't effective until September 15th, and so you should start the counter on September 15th, and then they filed on 30 days after that. Could you just give us your response to that? That doesn't make any sense. And why is that? Well, there's, so the, a couple of reasons. One is, it's very circular because the, the D.C. Court of Appeals said this first investigative subpoena is moot because you filed a specification of charges, and they're saying, well, no, we weren't allowed to file a specification of charges because there was no jurisdiction to do that. So I don't see how those two things can both be true. And the Court of Appeals has basically squarely held that no, the July 15th specification of charges was effective when it was issued. Right, yeah. And just a couple, just a couple more minor things in response to the question about what did not make it to trial. It involved, Kolobash himself was a supervisor who had not, who had not prevented another attorney from being involved with matters where he had conflict. And, and Kolobash issued a letter saying, I'm sorry, I didn't do better. And the, the, the, the bar authorities dropped the case, I think, not surprisingly, because they were encountered with this idea of what exactly was the district court supposed to do with that case. As far as I'm aware, there has been no case ever in which a state disciplinary proceeding was heard in federal court for anyone. And if there are no further questions, the, the court should. Just, just one, you gave us a list of grounds, and I'm not sure we've hit commenced in state court yet. So you want to talk about that and just assume for purposes of this discussion that I think the D.C. Court of Appeals is a court. Is a, is a state, is a state court? Is a state court. Do you have any other? Sure, that, that is, I guess I'd say I, I, that's not the one I would hang my hat on, but certainly this was not commenced in the D.C. Court of Appeals. Ultimately, the, the hearing committee and the Board of Professional Responsibility are both preachers of the Court of Appeals. But, but it wasn't actually commenced. Preachers, preachers who under the DCCA rules can't issue any sanction beyond reprimand that has the force and effect of law. Right. And just make a recommendation. That's, that's correct. And so we ask that the court affirm the, this report's ruling that it is not going to try and should try to tell the D.C. Court of Appeals whether to sanction its own attorneys. And we think the other two appeals should be dismissed as moved. Thank you. Thank you. Mr. McDougall. Thank you very much, Your Honor. Quite a few topics were covered, and perhaps I would begin by inviting questions about what was covered in the counsel's argument that you're most interested in hearing about. If not, I'll pick what I think are the winners. This is your time to reflect what you've heard. On the implied repeal argument, whether 530B reliably repeals the officer removal statute, we say no. Implied repeals are not favored. It did not add, it did not change the enumeration of non-removable actions to the extent that we think, or you might think, that the 530B did change the removability of hybrid actions. Then the 2011 clarification amendments changed it back. It's a little bit messy for you, right? If we put a lot of weight on the implied repeal canon to buttress the original removal statute as against the 1998 McDade statute, some of your strongest language comes from the Clarification Act, which is 2011. Right. I don't know. The 2011 Act has a high threshold to impliedly repeal McDade. Well, for there to be an implied repeal, there needs to be some tension or conflict between the two statutes, and there isn't because 530B is a rule of decision statute, and the removal statute is a forum statute. So they can coexist without tension, and there's no need to take it into the domain of implied repeal. If we look at all three statutes as a corpus, that's fine. If we introduce a temporal component and look at three different statutes enacted at three different times and think about implied repeal, it's a little bit of a two-edged sword for you. Well, I mean, this case started long after even 2011, so we're dealing with the net result of that evolution, and there's no argument that can be made that it doesn't even mention the statute. There's no concept or discussion of removal. The regulations implementing 530B in the preamble say this doesn't change anything about how they're enforced. My time has expired, and you've already been very generous with your time, and so I will stop unless there are additional questions. And thank you for being generous with your time, and we had a lot of questions. It is an honor. Thank you very much. The case is submitted.
judges: Pillard, Katsas, Garcia